## DULANY v. HODGKIN.

———

ERROR to the circuit court for the district of Columbia, sitting at Alexandria, in an action of assumpsit by the endorsee of a promissory note against his immediate endorsor. The note was made by Wellborn, on the 1st of January, 1806, for 200 dollars, payable to Hodgkin or order 120 days after date, negotiable at the bank of Alexandria. On the

The endorsor of a promissory note, who endorses to give credit to the note, and who is countersecured by property pledged, is not liable upon the

RIDDLE
v.
MANDE-
VILLE.

note, nor in an action for money had and received, unless the plaintiff show that the maker is insolvent, or that he has brought suit which has proved fruitless. It is not sufficient to show that the maker of the note is out of the reach of the process of the court.

trial, the plaintiff did not produce any evidence of a suit against the maker, nor evidence of his insolvency, but proved that the maker *never was an inhabitant of the district of Columbia*, but resided in Albemarle county, in the state of Virginia; whereupon the court, upon the prayer of the defendant, instructed the jury that it was still necessary for the plaintiff to prove, to the satisfaction of the jury, that he had brought suit upon the note against the maker, or that a suit against him would have been fruitless, before he could resort to the endorsor. To which instruction the plaintiff excepted.

The plaintiff also excepted to the refusal of the court to instruct the jury that if they should be satisfied by the evidence, that at the time the note was given, it was endorsed by the defendant with a view of giving credit to the maker with the plaintiff, and that it was so understood; and if they should be further satisfied by the evidence, that the maker left in the hands of the defendant funds to pay the note, or otherwise counter-secured him for becoming endorsor of the note, the plaintiff is entitled to recover in this action, although the maker should not be proved to have been insolvent before the note became due.

The declaration contained two counts; one upon the note, the other for money had and received.

The case was submitted, without argument, to the court, who, after inspecting the record, on the next day,

Affirmed the judgment, with costs.